IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff,* | ) ) ) | |
| v | ) ) ) | Case No. 09-10132-11-EFM |
| RUDOLPH BEACH, III, | ) ) | |
| *Defendant.* | ) | |

**MEMORANDUM AND ORDER**

Defendant Rudolph Beach III was indicted by the Grand Jury for an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 *et seq.*[1]. The United States requested detention pursuant to 18 U.S.C. § 3142(e)(3)(A) which creates a rebutable presumption for such cases that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community. Following a detention hearing on April 16, 2010, the Magistrate Judge granted the Government's motion for detention (Doc. 156). Defendant sought reconsideration of this Order of Detention, challenging the findings in that case that Defendant was still on probation for a prior offense. The Motion for Reconsideration also represented that Defendant lived with his fiancé for whom no allegations of criminal conduct has been made, and that he had a full-time job offer. The Magistrate Judge found that these items of "new" information did not have a material bearing on whether there were

---

[1]Although superseding Indictments have been filed since the first detention briefings, the charges remain substantially similar, and this statement continues to apply to Defendant's current charges.

-1-

conditions of release that would reasonably assure the appearance of the defendant as required and the safety of the community, and denied Defendant's motion for reconsideration (Doc. 186).

Now before the Court is Defendant's Motion for Reconsideration of Detention Order (Doc. 251). Defendant's memorandum in support of his motion repeats his plan to live with his fiancé and her children, proffers a new (albeit part-time) job offer, and argues that he has no drug felony convictions since 2007, no criminal convictions involving firearms or weapons, and no allegations that he engaged in threatening or violent behavior. Defendant suggests house arrest and/or electronic monitoring, in connection with other conditions of release, would reasonably assure his appearance as well as the safety of any other person and the community.

18 U.S.C. 3142(f) provides that a detention hearing may be reopened if the judicial officer finds that information exists which was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. The matters proffered in Defendant's motion are not new, and certainly not new information having a material bearing on the issues. They do not rebut the presumption, nor change the Magistrate Judge's determination that the United States has met its burden of proof that there are no condition or combination of conditions that would reasonably assure the Defendant's appearance as required and the safety of any other person and the community. The reasons set forth in the Magistrate Judge's Orders are still valid and apply.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Review (Doc. 251) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE