IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 09-10132-01, 04, 07, 08, 09, |
| | ) | 10, 11, 12, 13, 14, 15, |
| ALEJANDRO CALDERON, | ) | 16, 17, 18, 19, 20, 21, |
| TYLER GREEN, | ) | 22 - EFM |
| HERIBERTO MIRANDA-ROLDAN, | ) | |
| JUAN MANUEL ORTIZ, | ) | |
|     a/k/a Juan Jose Reyes, | ) | |
|     a/k/a Pelon, | ) | |
| JOSE GOMEZ SOLORIO, | ) | |
|     a/k/a Vidal Solorio, | ) | |
|     a/k/a Jose Ramires, | ) | |
|     a/k/a Jose Ramerez, | ) | |
|     a/k/a Jose Manuel Rodriguez, | ) | |
|     a/k/a Juan Jose Madrazo-Ariaz, | ) | |
|     a/k/a Margarito Lopez, | ) | |
|     a/k/a Margarita Ayala, | ) | |
|     a/k/a Benito Juarez, | ) | |
|     a/k/a Gordo, | ) | |
| OMAR TORRES, | ) | |
|     a/k/a Ernesto Calderon, | ) | |
|     a/k/a Aurellano Duarte Quintana, | ) | |
|     a/k/a Rumaldo Calderon, | ) | |
|     a/k/a Cocho, | ) | |
| RUDOLPH BEACH, III, | ) | |
| HENRY BROOKS, | ) | |
| ESTEBAN GAUNA, | ) | |
| TIMOTHY LAWRENCE, | ) | |
| RICARDO O. QUINTANA, | ) | |
|     a/k/a Cholo, | ) | |
| JULIO RUIZ RIOS, | ) | |
| ARMANDO RODRIGUEZ, | ) | |
| AUDON SOTO SALAS, | ) | |
| WESLEY SHELTON, | ) | |
| LUIS VALERIANO, | ) | |
| PABLO SANTOS BARAJAS, and | ) | |

| | )|
|---|---|
| WILBER HERNANDEZ-ODILIO, | ) |
| a/k/a Martin Lucero Rodriguez, | ) |
| a/k/a Wilber Hernandez, | ) |
| a/k/a Wilbur Rodriguez, | ) |
| a/k/a Jonathan Lucero, | ) |
| a/k/a Jonathan Lucero-Guillen, | ) |
| a/k/a Willy, | ) |
| a/k/a Chapparo, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

There are numerous pending motions before the Court.[1] The Court conducted a hearing on October 19, 2010, during which it made several rulings from the bench. For the reasons stated on the record and summarized below, the Court rules as follows:

**Motion(s) for *James* Hearing**

Defendant Valeriano's motion (Doc. 276) and Defendant Solorio's motion (Doc. 287) for a *James* hearing is granted. This hearing began on October 20, 2010 and will continue on October 26, 2010.

**Motion for Severance**

Defendant Valeriano filed a motion to sever (Doc. 273) in which Defendant Solorio joined (Doc. 284). The United States agrees to severance of Valeriano and Solorio for trial, and trial is

---

[1] Prior to the hearing scheduled for October 19, 2010, numerous motions and motions for leave to join in other Defendants' motions were filed. On October 17th and 18th, eight Defendants filed either a motion to withdraw their documents or notice indicating withdrawal of their motions. At the hearing on October 19th, four additional Defendants who had not previously filed a motion or notice withdrawing their motions orally moved to withdraw their pending motions. All motions to withdraw pending motions were granted.
  Only two Defendants, with pending motions, remained at the hearing. The Court's rulings with respect to their motions are summarized in this Order.

expected to begin on November 2, 2010. As such, Defendant Valeriano's motion (Doc. 273) is granted.

**Motion to Exclude *Bruton* Evidence**

Defendant Valeriano filed a motion to exclude *Bruton* evidence (Doc. 275) in which Defendant Solorio joined (Doc. 284). Subsequent to the hearing held on October 19th, Defendant Valeriano indicated that he will no longer proceed to trial. Because Solorio will be the sole Defendant at the trial, the Court finds that this motion should be denied as moot.

**Motion to Exclude Guilty Pleas**

Defendant Valeriano filed a motion to exclude evidence of co-defendants' pleas unless co-defendant testifies at trial (Doc. 277) in which Defendant Solorio joined (Doc. 284). The Court grants these motions.

**Motion to Dismiss for Speedy Trial Violation**

Defendants Valeriano and Solorio filed a motion to join (Doc. 316) in Co-Defendant's Quintana's motion to dismiss for speedy trial violation (Doc. 303). Defendant Quintana orally withdrew his motion, but Valeriano's and Solorio's motion to join remain pending, and they both assert that their right to a speedy trial have been violated. For the reasons stated on the record, the Court concludes that Defendants' right to a speedy trial was not violated. As such, the motion is denied.

**Motion to Suppress Wiretap Evidence (resulting from September 4, 2009 authorization) and Request for *Franks* Hearing**[2]

Defendant Solorio filed a motion to suppress evidence of wiretap, search of residence and statement, and a request for *Franks* hearing (Doc. 285). Defendant Valeriano also filed a motion to suppress wiretap and derivative evidence and a request for *Franks* hearing (Doc. 278).[3] The government opposed both Defendants' motions.

On September 4, 2009, Judge Wesley E. Brown, approved the United States' application authorizing the interception of calls over a cell phone for a period of thirty days. Beginning on September 11, 2009, and continuing through October 10, 2009, the United States intercepted this phone. "[A] district court's wiretap authorization is presumed proper, and the defendant bears the burden of overcoming this presumption."[4]

18 U.S.C. § 2518 sets forth the procedure for the interception of wire communications. Under sections 2518(1)(b) and (c), the application must include:

> (b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including (i) details as to the particular offense that has been, is being, or is about to be committed, (ii) except as provided in subsection (11), a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications sought to be intercepted, (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted;

---

[2]This particular ruling was made on the record at the beginning of the *James* hearing on October 20, 2010 and is merely summarized in this Order.

[3]Defendant Valeriano also joined in Defendant Solorio's motion.

[4]*United States v. VanMeter*, 278 F.3d 1156, 1163 (10th Cir. 2002) (citation omitted).

(c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; . . . .

Although Defendant argues that the United States failed to set forth a full and complete statement of the facts, after carefully reviewing both the redacted and unredacted affidavits provided to the Court for the wiretap application, the Court find Defendant's argument without merit.

Defendant further argued that the application was deficient for failing to make an adequate showing of necessity. "[T]o prove that a wiretap is necessary, the government must show that traditional investigative techniques have been tried unsuccessfully, reasonably appear to be unsuccessful if tried, or are too dangerous to attempt."[5] The applicant for the wiretap must explain with particularity why less intrusive techniques have not been tried.[6] The statute, however, does not require exhaustion of all possibilities, and the government should exercise a "common sense" approach.[7]

Defendant principally objects under the necessity grounds that the application was legally deficient in not showing with adequate specificity the government's reasons for not using the less intrusive techniques. However, the techniques upon which the defendant principally based his argument, search warrants and grand jury testimony, were the least likely to successfully reveal the scope and extent of the organization in this type of an investigation. Under the circumstances, the Court finds that the affidavit is sufficient in demonstrating the unsuitability of these less intrusive

---

[5] *United States v. Ramirez-Encarnacion*, 291 F.3d 1219, 1222 (10th Cir. 2002) (citing 18 U.S.C. §§ 2518(1)(c), 2518(3)(c)).

[6] *United States v. Mitchell*, 274 F.3d 1307, 1310 (10th Cir. 2001) (quoting *United States v. Castillo-Garcia*, 117 F.3d 1179, 1187 (10th Cir. 1997) (*overruled on other grounds by Encarnacion*, 291 F.3d at 1222 n. 1)).

[7] *United States v. Verdin-Garcia*, 516 F.3d 884, 890 (10th Cir. 2008).

techniques for discovering the information it sought. Accordingly, the Court finds that the affidavit and application were proper and in compliance with the statute.

With respect to Defendant's *Franks* hearing motion, when challenging the probable cause for the issuance of a wiretap order, the defendant must demonstrate that: 1) the affidavit contained a material false statement or omission; 2) the false statement or omission was made knowingly and intentionally, or with reckless disregard to the truth; and 3) the allegedly false statement or omission is necessary to the finding of probable cause.[8] "The defendant bears the burden to demonstrate the affidavit's falsity or reckless disregard for the truth by a preponderance of the evidence."[9] Defendant does not even address these elements, and certainly does not meet his burden.

Defendant also raised challenges to the GPS precision location warrants, the search warrant for defendant's residence, and the statements made by defendant after his arrest. Largely (though not completely), these challenges were derivatives of the challenge to the wiretap. The Court finds these challenges without merit.

Therefore, Defendants Solorio's and Valeriano's motions (Docs. 285, 278) are denied.

**IT IS THEREFORE ORDERED** that Defendant Valeriano's Motion for Pretrial James hearing (Doc. 276) and Defendant Solorio's Motion for James hearing (Doc. 287) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Valeriano's Motion to Sever (Doc. 273) is **GRANTED.**

---

[8] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *see also United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001).

[9] *Tisdale*, 248 F.3d at 973 (citation omitted).

**IT IS FURTHER ORDERED** that Defendant Valeriano's Motion to Exclude *Bruton* Evidence (Doc. 275) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Valeriano's Motion to Exclude Guilty Pleas (Doc. 277) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Solorio's Motion to Join several motions (Doc. 284) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Valeriano's and Solorio's joinder of motion to dismiss for speedy trial violation (Doc. 316) is **DENIED** as there was no speedy trial violation.

**IT IS FURTHER ORDERED** that Defendant Solorio's Motion for Suppression of Evidence of Wiretap, Search of Residence, and Statement and *Franks* Hearing (Doc. 285) and Defendant Valeriano's Motion to Suppress Wiretap and Derivative Evidence and *Franks* Hearing (Doc. 278) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2010.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE